Louisiana, prohibiting any law 'to curtail or restrain the liberty of speech or of the press,' and providing: 'Every person has the natural right to worship God according to the dictates of his own conscience. No law shall be passed respecting an establishment of religion, nor prohibiting the free exercise thereof; nor shall any preference ever be given to, nor any discrimination made against, any church, sect, or creed of religion, or any form of religious faith or worship,' as applied to the defendant and her codefendants, who were ordained ministers of the gospel of the organization known as Jehovah's Witnesses and whose duties were to visit people in their homes and present to them recorded Bible lectures, Bibles, and Christian pamphlets and literature, and who in the performance of those duties entered upon private property 'sufficiently posted by the owner warning trespassers off,' and after an additional verbal warning by the owner, continued to propound their ideas verbally and through the use of phonograph records. The court said: 'The argument of the relatrix is that, because she and her companions were engaged in such praiseworthy work, preaching Christianity and distributing "Christian pamphlets and other Christian literature," she and her coworkers, while so engaged, were protected by the constitutional inhibition of laws respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press. These guaranties of freedom of religious worship, and freedom of speech and of the press, *do not sanction trespass in the name of freedom. We must remember that personal liberty ends where the rights of others begin. The constitutional inhibition against the making of a law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech or of the press, does not conflict with the law which forbids a person to trespass upon the property of another.'"* (Italics supplied by us.) And we refer to the opinion in the case of Commonwealth of Massachusetts v. Richardson (Com. of Mass. v. Stanton), and the entire Annotation following same, cited hereinabove.

The rather lengthy quotation we have set forth—especially the portion we have italicized—expresses our views better, we believe, than we could state them otherwise. It is applicable—with the substitution of our own constitutional provisions—in substance similar—for those of the State of Louisiana. And we rest our decision on what is there said.

Since appellant feels aggrieved because she is made amenable to our Statute against "trespass after warning," when, as she says, she was simply obeying the command of the Master—Jehovah God, if it pleases her—to "go ye into all the world, and preach the gospel to every creature" (Mark 16:15), we would remind her that this same Master *also cautioned* her, that "* * * whosoever shall not receive you, nor hear your words, when ye depart out of that house or city, shake off the dust of your feet" (Mathew 10:14); which we take to be an injunction not to go back on private property, after having been duly warned to stay away.

The judgment is affirmed.

Affirmed.

21 So.2d 564

### SMITH v. STATE.

1 Div. 484.

Court of Appeals of Alabama.
Jan. 16, 1945.

Rehearing Denied Feb. 13, 1945.

D. R. Coley, Jr., of Mobile, Grover C. Powell, of Atlanta, Ga., Hayden C. Covington, of Brooklyn, N. Y., and Roy A. Swayze, of Arlington, Va., for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris and W. W. Callahan, Asst. Attys. Gen., for the State.

CARR, Judge.

Upon the examination of the record in this case, we find the questions presented to be in every respect analogous to the case of Marsh v. State, Ala.App., 21 So.2d 558.[1] Upon authority of said case the judgment of conviction in the instant case will stand affirmed.

Affirmed.

21 So.2d 565

### MARSH v. STATE.

I Div. 480.

Court of Appeals of Alabama.

Jan. 16, 1945.

Rehearing Denied Feb. 13, 1945.

D. R. Coley, Jr., of Mobile, Grover C. Powell, of Atlanta, Ga., Hayden C. Covington, of Brooklyn, N. Y. and Roy A. Swayze, of Arlington, Va., for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris and W. W. Callahan, Asst. Attys. Gen., for the State.

CARR, Judge.

Upon the examination of the record in this case, we find the questions presented to be in every respect analogous to the case of Marsh v. State, Ala.App., 21 So.2d 558.[1] Upon authority of said case the judgment of conviction in the instant case will stand affirmed.

24 So.2d 768

### Alberta ROUSE v. STATE.

I Div. 483.

Court of Appeals of Alabama.

April 3, 1945.

Rehearing Granted Feb. 19, 1946.

D. R. Coley, Jr., of Mobile, Grover C. Powell, of Atlanta, Ga., Hayden C. Covington, of Brooklyn, N. Y., and Roy A. Swayze, of Arlington, Va., for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris and W. W. Callahan, Asst. Attys. Gen., for the State.

BRICKEN, Presiding Judge.

The points of decision involved upon this appeal are identical with those in the case of Marsh v. State, ante, p. 24, 21 So. 2d 558, certiorari denied, 246 Ala. 539, 21 So.2d 564.

It therefore appears that it would serve no good purpose for this court to discuss these questions again.

Upon authority of the Marsh case, supra, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.

PER CURIAM.

Reversed and rendered on authority of Grace Marsh v. State of Alabama, 66 S.Ct. 276.

24 So.2d 768

### Aline R. STEPHENS v. STATE.

I Div. 482.

Court of Appeals of Alabama.

April 3, 1945.

Rehearing Granted Feb. 19, 1946.

D. R. Coley, Jr., of Mobile, Grover C. Powell, of Atlanta, Ga., Hayden C. Covington, of Brooklyn, N. Y., and Roy A. Swayze, of Arlington, Va. for appellant.

---

[1] Ante, p. 24.

[1] Ante, p. 24.